### J. C. FRAZIER, ASSIGNEE, v. F. M. WILKINSON ET AL., TRUSTEES.

1. GRANTOR CONVEYING ESTATE IN TRUST FOR ANOTHER MAY LIMIT SUCH ESTATE TO BENEFICIARY.

   A grantor, the absolute owner of property, who conveys such property to a trustee for the benefit of another during her life, has power to limit the equitable title to the beneficiary and to prevent the application of any part of the interest given to such beneficiary from being applied, before being turned over to her, to the payment of her debts.

2. WHERE SUCH ESTATE IS SO LIMITED RENTS NOT SUBJECT TO DEBTS OF BENEFICIARY, CONVEYANCE CREATING SUCH LIMITATION.

   Where the conveyance contains a provision that no interest in such property is to be encumbered by the beneficiary, by mortgage, deed or other conveyance, and is not to be subjected, by legal or equitable means, to the payment of the debts or obligations of beneficiary, it is the manifest purpose of the conveyance to limit the title to the beneficiary, and, when trustee has retained control over the estate, a creditor of beneficiary cannot, by creditor's bill, require such trustee to pay his claim from rents to be received.

3. TRUSTEE MAY CONTROL OCCUPANCY OF TRUST ESTATE.

   The trustee in such a conveyance has a right, during the life of beneficiary, to control the occupancy of the estate, and may allow the beneficiary to use and occupy the same or collect the rents thereof.

ERROR to the Court of Common Pleas of Butler county.

SMITH, J.

We are of the opinion that the court of common pleas did not err in overruling the demurrer filed to the answer of the defendant, the trustee, or on failure of plaintiff to plead further, in dismissing the action. That when the absolute owner of property conveys it to a trustee, for the benefit of another during her lifetime, the said trustee has the right during the lifetime of the beneficiary to control the occupancy of the estate for the use of the beneficiary, or to allow her to use and occupy the same, and receive the rents thereof, and when such conveyance contains a provision that no interest in the above described real estate is to be encumbered by the beneficiary by mortgage, deed or other conveyance, or by judgment lien, nor to be subjected by any legal or equitable proofs for the payment of her debts or obligations, and when the trustee has retained the full control of the estate, and there is no money in his hands arising therefrom to which the beneficiary is entitled, that a creditor of the beneficiary can not by means of a creditor's bill require such trustee from the rents thereafter to be received from the land, to pay the claim of such creditor

Frazer v. Wilkinson.

We think it was the manifest intention of the person making this conveyance to the trustee, to limit the equitable title thereby conveyed to the beneficiary, and to prevent the application of any part of the interest given to her from being applied, before it was turned over to her to the payment of her debts, and that the grantor had the right to do this. This conclusion, we think, is supported by the following authorities: 133 Mass., 170; 91 U. S., 716; 23 Atlantic, 383; 19 Atlantic, 393; Skillman v. Symmes, 7 Circ. Dec., 39.